Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

---

June 26, 2008

**Appeal Number: 07-15020-AA**
Case Style: USA v. Jonathan Keith Thomas
District Court Number:  07-00004 CR-T-N

TO:   Debra P. Hackett

CC:   Donnie Wayne Bethel

CC:   Christine A. Freeman

CC:   Patricia Vanessa Kemp

CC:   Kent B. Brunson

CC:   Sandra J. Stewart

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

June 26, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 07-15020-AA**
Case Style: USA v. Jonathan Keith Thomas
District Court Number: 07-00004 CR-T-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals

## For the Eleventh Circuit

No. 07-15020

District Court Docket No.
07-00004-CR-T-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 28, 2008

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN KEITH THOMAS,

Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

--------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
--------------------------------------------------------------

## J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE

JUN 2 6 2008

U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:      May 28, 2008
For the Court:   Thomas K. Kahn, Clerk
By:     Jackson, Jarvis

[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                            FILED
                    U.S. COURT OF APPEALS
                      ELEVENTH CIRCUIT
                         MAY 28, 2008
                      THOMAS K. KAHN
                           CLERK
```

No. 07-15020
Non-Argument Calendar

_____

D. C. Docket No. 07-00004-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN KEITH THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(May 28, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Jonathan Thomas appeals his 72-month sentence imposed after pleading

guilty to one count of possession of a 9mm firearm by a convicted felon, in

violation of 18 U.S.C. § 922(g)(1).  On appeal, Thomas argues that (1) the district

court violated his due process rights when it imposed the upward variance based,

in part, on hearsay or unreliable testimony concerning an uncharged offense that

did not qualify as relevant conduct under the Guidelines, and (2) his sentence is

procedurally or substantively unreasonable.[1]  After a thorough review of the

record, we affirm.

## I.

In January 2007, Thomas was indicted for possession of a firearm and

ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g).  The firearm

at issue in the indictment was a 38 caliber revolver.  In May 2007, the government

filed a felony information charging Thomas with possession of a firearm by a

convicted felon, which carried a statutory maximum sentence of ten years'

imprisonment.  The firearm at issue in the information was a 9mm pistol.  Pursuant

to a written plea agreement, Thomas pleaded guilty to the information, admitting

that he possessed a 9mm pistol.  In exchange, the government agreed to dismiss

---

[1] Thomas also argues that his due process rights were violated when the district court found that he committed the armed robbery with a Colt .38 revolver, even though the government had not yet presented all of its evidence to establish those facts.  We reject this argument, as the record demonstrates that the court did not impose sentence until after a second sentencing hearing in which the government presented additional corroborating testimony from the victim of the armed robbery and witnesses to that offense.

the indictment and recommend a sentence at the low end of the guidelines range. The court accepted Thomas's plea.

The PSI calculated the guidelines range as 57 to 71 months' imprisonment, based in part on an enhancement for discharging a firearm. This enhancement involved the use of the 38 caliber revolver to commit a robbery and shoot at the victim.

At the sentencing hearing, the government called an ATF agent to testify that Thomas used the 38 caliber to rob a man named Clarence McMeans. According to the agent, Thomas approached McMeans, a drug dealer, pointed the 38 caliber weapon at McMeans, and demanded drugs, money, and McMeans's cell phone. After McMeans complied and started to drive away, Thomas fired three shots into McMeans's car. The ATF agent had no direct knowledge of the events and testified based on what she had been told by local investigators. The court determined that it could not apply an enhancement for discharging the 38 caliber firearm or consider the incident as relevant conduct under the guidelines, but that it could be considered under the sentencing factors of 18 U.S.C. § 3553(a) as the court was "absolutely" certain that Thomas committed the robbery using the 38 caliber pistol on the same day he had possessed the 9mm firearm. Thomas objected to the use of this uncharged, non-relevant conduct to increase his

3

sentence, noting that the evidence presented was based on unreliable hearsay. The court then continued the sentencing hearing to enable the government to present additional evidence and warned Thomas that it was considering a sentence well above the advisory guidelines range in light of this conduct.

At the second sentencing hearing, the government presented testimony from the local investigator, McMeans, and several witnesses to the robbery. Thomas was given the opportunity to cross-examine each witness and challenge their credibility. After hearing the evidence, the court concluded that the government had established "beyond a reasonable doubt" that Thomas used a 38 caliber gun to rob McMeans. In light of the court's findings, the guidelines range was 30 to 37 months' imprisonment. Per the terms of the plea agreement, the government recommended a sentence of 30 months. The probation officer recommended a sentence of 72 months' imprisonment based on Thomas's history and criminal record, the need to deter future crimes, and the need to protect the public.

Defense counsel then objected to the government's failure to recommend an additional one-point reduction for acceptance of responsibility as outlined in the plea agreement. After discussing the issue, the court applied the reduction, making the guidelines range 27 to 33 months' imprisonment.

The court then considered the § 3553(a) factors, concluding that Thomas's

4

conduct - the possession of the 38 caliber gun and the robbery - was not

adequately taken into consideration in the guidelines range.  The court addressed

the nature and circumstances of the offense, Thomas's history and characteristics,

Thomas's violent history, the seriousness of the offense and the need to promote

respect for the laws, protect the public, and deter future crimes.  The court

concluded that a sentence of 72 months' imprisonment was sufficient but not

greater than necessary to meet these goals.  Thomas now appeals.

## II.

We review <u>de novo</u> constitutional challenges to a sentence.  <u>United States</u>

<u>v. Cantellano</u>, 430 F.3d 1142, 1144 (11th Cir. 2005).

The Fifth Amendment to the U.S. Constitution prohibits a person from

being deprived of life, liberty, or property without due process of law.  U.S. Const.

amend. V.  Due process, in the sentencing context, requires that the defendant "be

given adequate notice and an opportunity to contest the facts relied upon to

support his criminal penalty."  <u>United States v. Satterfield</u>, 743 F.2d 827, 840

(11th Cir. 1984).  "The defendant need not, however, be accorded the same degree

of due process protections during the sentencing phase as was required at the

criminal trial."  <u>Id.</u>  "The sole interest being protected is the right not to be

sentenced on the basis of invalid premises or inaccurate information."  <u>Id.</u>  Thus,

5

"[t]he degree of protection required is only that which is necessary to ensure that the district court is sufficiently informed to enable it to exercise its sentencing discretion in an enlightened manner." Id.

Judges may consider out-of-court information at sentencing as long as the information is reliable and the defendant is given the opportunity to rebut it. United States v. Reme, 738 F.2d 1156, 1167 (11th Cir. 1984). In determining the reliability of hearsay, the court should consider whether the statement is corroborated or contradicted by other evidence. Id. at 1169.

To establish a due process violation based on the court's reliance on false or unreliable information, the defendant must show: "(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." Id. at 1167. If the defendant meets his burden, we will remand to the district court for a new sentencing hearing. Id.

Credibility findings are within the province of the factfinder. See United States v. Pineiro, 389 F.3d 1359, 1366 (11th Cir. 2004). Moreover, "'[t]he fact that a witness has consistently lied in the past, engaged in various criminal activities, and though that his testimony would benefit him . . . does not make his testimony incredible.'" United States v. Thompson, 422 F.3d 1285, 1291 (11th Cir. 2005) (quoting United States v. Cravero, 530 F.2d 666, 670 (5th Cir. 1976)).

6

"For testimony to be considered incredible as a matter of law, 'it must be unbelievable on its face, i.e., testimony as to facts that [the witness] could not have possibly observed or events that could not have occurred under the laws of nature.'" Id. (quoting United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)).

The district court here did not violate Thomas's due process rights in relying on the government witnesses' testimony at sentencing in order to find that he engaged in criminal conduct other than the charged offense. First, to the extent the district court relied on the ATF agent's testimony, which was based on the hearsay, Thomas's due process rights were fully preserved. The hearsay statements bore a "minimal indicia of reliability," see Reme, 738 F.2d at 1167, as they were consistent with the testimony of other government witnesses. Moreover, Thomas had the opportunity to cross-examine all of the government witnesses.

Second, to the extent that the district court relied on the testimony of the victim and the eyewitnesses, Thomas has not satisfied his burden of proving that their testimony was materially false or unreliable so as to deny him due process. The witnesses' testimony was consistent on the dispositive point that Thomas robbed McMeans while holding a 38 caliber revolver to his head and fired three

7

shots at McMeans's vehicle as he attempted to flee.

Third, we will not disturb the district court's credibility finding in favor of the government witnesses over Thomas's denial of ever possessing the 38 caliber firearm.

Finally, we note that even though the district court was only required to make sentencing facts based on the "preponderance of the evidence" standard, it decided unilaterally to use the beyond a "reasonable doubt" standard in order to ensure that Thomas's due process rights were fully protected. Even under this heightened standard the court found that the government proved Thomas committed the armed robbery with the 38 caliber revolver.

## III.

Following United States v. Booker, 543 U.S. 220, 1125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). The Supreme Court recently clarified that the reasonableness standard is synonymous with the abuse of discretion standard. Gall v. United States, 552 U.S. __, 128 S.Ct. 587, 596, 169 L.Ed.2d 445 (2007).

In imposing sentence, a district court first must correctly calculate a defendant's applicable advisory Guidelines range, and then must consider all of

8

the factors outlined in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence.

Gall, 128 S.Ct. at 596-97.  These factors include:  (1) the nature and circumstances

of the offense and the history and characteristics of the defendant; (2) the need to

reflect the seriousness of the offense, to afford adequate deterrence, to promote

respect for the law, to provide just punishment for the offense, to protect the

public, and to provide the defendant with needed educational or vocational

training or medical care; (3) the kinds of sentences available; (4) the Sentencing

Guidelines range; (5) pertinent Sentencing Commission policy statements; (6) the

need to avoid unwarranted sentencing disparities; and (7) the need to provide

restitution to victims.  See 18 U.S.C. § 3553(a).

If the court finds that a sentence outside of a defendant's applicable

Guideline range is warranted, it "must consider the extent of the deviation and

ensure that the justification is sufficiently compelling to support the degree of the

variance." Gall, 128 S.Ct. at 597.  After deciding on the appropriate sentence, the

district court must sufficiently explain the chosen sentence to permit meaningful

appellate review and to promote the perception of fair sentencing.  Id.

Our review of a sentence imposed is two-fold.  First, we must ensure that

the district court committed no significant procedural error.  Second, we must

ensure that the sentence imposed by the district court was substantively

9

reasonable. Id.

A sentencing decision is procedurally sound if the district court correctly calculated the defendant's sentencing range, treated the Guidelines as advisory, considered the § 3553(a) factors, selected a sentence that was not based on clearly erroneous facts, and adequately explained the chosen sentence, including an explanation for any deviation from the defendant's sentencing range. Id.

A sentencing decision is substantively reasonable if the district court acted within its discretion in determining that the § 3553(a) factors supported the sentence and justified any deviation from the defendant's sentencing range. Id. at 600. A "district court need only 'acknowledge' that it 'considered the § 3553(a) factors[,]' and need not discuss each of these factors in either the sentencing hearing or in the sentencing order[.]" United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S.Ct. 671 (2007) (internal citations omitted).

In considering the substantive reasonableness of a sentence imposed, we "will, of course, take into account the totality of the circumstances . . . [and] may consider the extent of [any] deviation [or the degree of any variance], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the [deviation or] variance." Gall, 128 S.Ct. at 594-95, 597.

10

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 128 S.Ct. 558 (2007). We will not substitute our judgment for that of the sentencing court as to the appropriateness of a particular sentence. United States v. Melvin, 187 F.3d 1316, 1323 (11th Cir. 1999) (citation omitted) (alteration in original). Thus, we will reverse a procedurally proper sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363.

Here, we conclude that Thomas's sentence was procedurally sound. The parties do not dispute that the district court properly calculated the guidelines range. The record demonstrates that the court allowed Thomas to present arguments as to why the probation officer's recommendation of 72-months' imprisonment was not reasonable, noted that the Guidelines were advisory, considered the § 3553(a) factors, and thoroughly explained its reasoning for the sentence imposed. Moreover, for the limited purpose of deciding this appeal, we agree with the district court that information concerning Thomas's involvement in

11

the armed robbery, though uncharged and non-relevant criminal activity, could be considered in imposing sentence under the following § 3553(a) factors: the "history and characteristics of the defendant" and the need of a sentence to "afford adequate deterrence, . . . promote respect for the law, . . . [and] protect the public."

Thomas's sentence was substantively reasonable as well. The record demonstrates that the district court listened to the parties' evidence and arguments concerning a reasonable sentence, ultimately imposed a 72-month variant sentence, and sufficiently explained the chosen variant sentence to permit meaningful appellate review and to promote the perception of fair sentencing. Specifically, the court explained that the sentence imposed was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing," given (1) the nature and circumstances of the offense; (2) Thomas's history and characteristics, specifically, that he was an "extremely violent man who shoots into cars and who can kill people;" (3) the seriousness of the offense; (4) the need to promote respect for the law; and (5) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by Thomas. The district court further stated that it believed any sentencing disparity was warranted, and that the Guidelines did not adequately address Thomas's conduct. In addition, the 72-month sentence imposed was substantially less than the statutory maximum

of 10 years' imprisonment.

Finally, even if Thomas is correct that the district court afforded more weight to some § 3553(a) factors than it did to others, we have held that the weight to be afforded to any particular factor "is a matter committed to the sound discretion of the district court." See Williams, 456 F.3d at 1363.

In sum, we are not "left with the definite and firm conviction [on this record] that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," Williams, 456 F.3d at1363, and so we **AFFIRM** Thomas's 72-month sentence.

A True Copy - Attested
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia